IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD FERBER,                                              No. CIV S-09-1449 GEB EFB PS

          Plaintiff,

   vs.

FIRST HORIZON HOME LOAN
CORPORATION; NATIONAL
CITY BANK, and all persons unknown
claiming any legal or equitable right, title,
estate, lien, or interest in the property
described in the Complaint adverse to                       ORDER AND
plaintiff's title, or any cloud upon                        FINDINGS AND RECOMMENDATIONS
plaintiff's title thereto,

          Defendants.
_____/

      This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule ("Local Rule") 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). On May 22, 2009, defendant National City Bank ("National City") removed this action pursuant to 28 U.S.C. § 1441(b). Defendant predicates removal jurisdiction on the action arising under the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. Dckt. No. 1.

      This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of

establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Here, plaintiff's complaint alleges violations of various federal statutes; therefore, this court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1367.[1]

On July 14, 2009, National City filed a motion to dismiss and a motion to strike, and noticed the motions for hearing on September 2, 2009 before the undersigned. Dckt. Nos. 10, 11. Also on July 14, 2009, National City filed a certificate of service, declaring that the motions were served on plaintiff via U.S. Mail on July 14, 2009. Dckt. No. 12.

---

[1] Although the court has subject matter jurisdiction over this action, the removal of the action must conform to the procedural requirements of the statute. It is unclear from the notice of removal whether the removal was procedurally proper because not all defendants joined in the removal. Under the rule of unanimity, all defendants in an action must join in or consent to the removal. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir.1999), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *see United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("[T]he usual rule is that all defendants in an action in a state court must join in a petition for removal.").

The notice of removal states that "[t]he only other removed Defendant in this action is First Horizon Home Loan ('First Horizon'). Since First Horizon has not yet responded to the Complaint, National City has not been able to contact it to determine whether it objects to the removal." Dckt. No. 1, ¶ 6. Although National City did not need to join First Horizon in the notice of removal if, *inter alia*, First Horizon had not been served with the complaint at the time of the removal, the notice of removal only stated that First Horizon had not *answered*, not that First Horizon had not been *served*. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), *overruled on other grounds by Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988) (stating that the unanimity requirement does not require a removing defendant to join defendants who have need been properly served). National City had the burden of properly explaining First National's absence from the notice of removal. *Prize Frize, Inc.,* 167 F.3d at 1266.

Nonetheless, because plaintiff did not move to remand this action and has not contended that the failure of unanimity made the removal improper, remand to the state court on that ground is not appropriate. "[A] district court 'cannot remand *sua sponte* for defects in removal procedure.'" *Evans v. Bantek West, Inc.*, 2009 WL 700426, at *4 (E.D. Cal. Mar. 12, 2009) (quoting *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003)); ("The law disfavors court meddling with removals based upon procedural – as distinguished from jurisdictional – defects . . . . Allowing district courts to remand cases on their own because of procedural defects would remove a plaintiff's ability to acquiesce in a procedural problem that may not be bothersome to the plaintiff, thereby depriving both sides of their preferred forum.").

1    On August 21, 2009, because plaintiff failed to file an opposition or a statement of
2 non-opposition to the motions, the court continued the hearing on the motions to October 7,
3 2009, and ordered plaintiff to show cause, on or before September 23, 2009, why sanctions
4 should not be imposed for failure to timely file an opposition or a statement of non-opposition to
5 the pending motions.  The court informed plaintiff that a "[f]ailure of plaintiff to file an
6 opposition will be deemed a statement of non-opposition to the pending motions, and may result
7 in a recommendation that this action be dismissed for lack of prosecution." Dckt. No. 13.

8    A party's failure "to file written opposition or to file a statement of no opposition may be
9 deemed a waiver of any opposition to the granting of the motion and may result in the imposition
10 of sanctions."  Local Rule 78-230(m).  Failure to comply with any order or with the Local Rules
11 "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within
12 the inherent power of the Court."  Local Rule 11-110.  The court may dismiss this action with or
13 without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v.*
14 *Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in
15 dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended
16 complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439,
17 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule
18 regarding notice of change of address affirmed).

19    The docket reveals that plaintiff has again failed to file an opposition or a statement of
20 non-opposition to the pending motions, and has failed to show cause why sanctions should not
21 be imposed against him, in violation of the court's August 21, 2009 order.  Therefore, the court
22 finds that the appropriate sanction is dismissal without prejudice.

23    Accordingly, it is ORDERED that the October 7, 2009 hearing on National City's
24 motions to dismiss and to strike is vacated.

25 ////

26 ////

Further, it is RECOMMENDED that this action be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 2, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4